**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1519-WJM-KMT

KARLA LILIANA DIAZ QUEZADA,

    Petitioner,

v.

ELOY FABIAN CAMPOS SALZAR and concerning the minor child MIA CAMPOS DIAZ,

    Respondent.

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

    On June 13, 2013, Petitioner Karla Liliana Diaz-Quezada ("Petitioner") filed an Application for Return of Minor Child pursuant to The Convention on the Civil Aspects of International Child Abduction signed at The Hague, Netherlands on October 25, 1980 ("Hague Convention" or "Convention").  (ECF No. 1.)  The Court held a non-evidentiary hearing on July 9, 2013 and set an evidentiary hearing on the Petition for November 8, 2013.  (ECF Nos. 13 & 18.)  Because Petitioner was unable to secure a visa to travel to the United States for the hearing, the Court rescheduled the evidentiary hearing for December 20, 2013, and allowed the Petitioner to testify by videoconference or telephone.  (ECF No. 19.)  Due to scheduling issues with regard to a translator for Petitioner in Mexico, the Court reset the instant evidentiary hearing for January 31, 2014.  (ECF No. 23.)

    On January 31, 2014, Vincent Rahaman, Petitioner's counsel, represented to the Court that his last contact with the Petitioner was in November 2013.  Mr. Rahaman

stated that his assistant, who speaks fluent Spanish, had placed over sixteen calls to the Petitioner's individual cellphone, her sister's cellphone, and her family's contact number. Mr. Rahaman's office reached out to Petitioner over Facebook, and through the Mexican Central Authority, but was unable to reach her. Because counsel had been unable to communicate with the Petitioner, Mr. Rahaman asked the Court to take one of four options: (1) dismiss the Petition without prejudice; (2) hold the Petition in abeyance for some period of time; (3) rule on the pleadings and evidence previously submitted to the Court; or (4) go forward with the evidentiary hearing without the Petitioner's testimony.

The Court responded that it would not rule on the pleadings because, based on its review of the issues, the key determination of the child's habitual residence would turn on the intent of the parties at various points. The parties' submissions were conflicting with regard to their intent, and the Court expressed its belief that intent cannot be judged on the papers. The Court also found that it would not be in Petitioner's interest for the case to go forward without her testimony. Instead, the Court reset the evidentiary hearing for one week later—February 7, 2014—to give Mr. Rahaman one more week to attempt to ascertain whether Petitioner wished to continue with this case. The Court informed Mr. Rahaman that, if he could not reach his client within that time frame, it would dismiss the case without prejudice. (ECF No. 26.)

On February 6, 2014, Mr. Rahaman's office called the Court to inform it that he was unable to get in touch with the Petitioner. The Court vacated the evidentiary hearing based on this communication. (ECF No. 27.) For the reasons set forth below, the Court dismisses this case without prejudice based on Petitioner's failure to

prosecute this action.

A trial court may, on motion of a defendant or on its own motion, dismiss an action for failure of the plaintiff to prosecute it with reasonable diligence. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626 (1962). Such a dismissal is within the trial court's sound discretion, and must be based on the unique procedural history of each case. *S.E.C. v. Power Res. Corp.*, 495 F.2d 297, 298 (10th Cir. 1974). Petitioner's failure to stay in contact with her attorney, and her failure to respond to his diligent efforts to assist her with prosecution of this action, shows a clear abandonment of her claims. The Court has given Petitioner multiple opportunities to be heard on the merits of her claims, but she has chosen not to participate. Having considered all of the circumstances of this case, the Court finds that dismissal without prejudice is appropriate. Because the Court's dismissal is without prejudice, Petitioner is not precluded from reinstituting this action if she so desires.

Accordingly, the Court ORDERS as follows:

1. The Petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);

2. The Clerk shall close the case and enter judgment in favor of Defendant;

3. Each party shall bear his or her own costs.[1]

---

[1] The Court recognizes that there is a presumption in favor of awarding costs to the prevailing party. *See* Fed. R. Civ. P. 54(d). However, were the Court to tax costs against Petitioner, Mr. Rahaman would likely end up bearing that burden because he is unable to get in touch with the Petitioner. Mr. Rahaman is representing Petitioner *pro bono* in this case, and has advocated zealously on her behalf, even after it became clear that she no longer wished to pursue this action. In these circumstances, the Court finds that taxing costs against the Petitioner would be inequitable. *See Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995) (outlining instances in which the Court may decline to award costs).

Dated this 7th day of February, 2014.

BY THE COURT:

William J. Martinez
United States District Judge